(101 So. 105)

### PRUITT v. STATE. (8 Div. 125.)

(Court of Appeals of Alabama. May 13, 1924.) Rehearing Denied May 20, 1924.)

1. Criminal law ⟐742(1)—Jury alone are judges of facts and credibility of witness.

Jury alone are judges of facts and credibility of witness.

2. Criminal law ⟐753(1)—General affirmative ·charge never given where there is conflict in evidence on material matters.

General affirmative charge should never be given where there is conflict in evidence on material matters involved.

3. Criminal law ⟐753(1)—General affirmative charge not given where there is any evidence, though weak.

General affirmative charge should not be given where there is any evidence, weak and inconclusive though it may be, which tends to make a case against party who asks it.

Appeal from ·Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Tom Pruitt, alias Powell Pruitt, was convicted of violating the prohibition law, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Pruitt, 211 Ala. 517, 101 South. 106.

Simpson & Simpson, of Florence, for appellant.

The burden of the state to establish defendant's guilt was not discharged, and the affirmative charge should have been given. Hanson v. State, 19 Ala. App. 249, 96 South. 655; Hammons v. State, 18 Ala. App. 470, 92 South. 914.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The record is free from error.

BRICKEN, P. J. There was a general verdict of guilty as charged in the indictment returned by the jury against the defendant. The indictment contained two counts, one for distilling, etc., and the other for unlawfully· possessing a still to be used for the purpose of manufacturing alcoholic, spirituous, or malted liquors.

The exceptions reserved to the rulings of the court upon the admission of testimony are so clearly without merit there is no necessity to discuss these rulings.

The principal insistence of error upon this appeal is the refusal of the affirmative charge requested by· defendant in writing. Under the evidence in this case the court was without authority to give this charge. The testimony without dispute established the corpus delicti, and as to the defendant's participation in the offense the evidence was in sharp conflict. Aside from the positive testimony of state witness Hanlin, which tended to connect the defendant not only with the possession of the still, but also its operation, there was some testimony, circumstantial in its nature, yet incriminating, tending to connect the defendant therewith:

[1-3] It is argued here that the testimony of witness Hanlin was unworthy of belief. If this is true it was for the jury to so decide, and not for this court to adjudge. The jury, and the jury alone, are judges of the facts, and are to decide what weight shall be given to the testimony. It is an elementary proposition of law that the general affirmative charge should never be given where there is a conflict in the evidence on material matters involved upon the trial of a case; nor should it be given when there is any evidence, weak and inconclusive though it may be, which tends to make a case against the party who asks it.

No error appears on the trial of this case in any of the rulings of the court. The record proper is also free from error. The judgment appealed from is affirmed.

Affirmed.